| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |
|---|---|
| CIT BANK, N.A., | |
| Plaintiff, | |
| – against – | **MEMORANDUM & ORDER** |
| ELVIA ANDERSON, et al., | 16-CV-1712 (ERK) (PK) |
| Defendants. | |

KORMAN, *J.*:

Defendant Elvia Anderson took out a mortgage on her home at 695 Park Place in Brooklyn in June of 2007. Def.'s Resp. to Pl.'s 56.1 Stmt. ("56.1 Stmt.") ¶¶ 2, 7-8, ECF No. 76-8. Plaintiff CIT Bank now holds that mortgage and seeks to foreclose following Anderson's default. *Id.* ¶ 9, 14-16. Anderson claims that CIT Bank failed to provide her with the notice required by New York's Real Property Actions and Proceedings Law ("RPAPL"). *See generally* Opp. Br., ECF No. 76.

On January 4, 2016, CIT Bank sent at least one 90-day pre-foreclosure notice to Anderson, as required by RPAPL § 1304. 56.1 Stmt. ¶ 16. Anderson claims she only received one, while CIT Bank insists that it sent two, as the statute requires. *Id.* She also asserts that the 90-day notice contained a list of five housing counseling agencies, but that four of the five listings were defective. Def.'s Add'l 56.1 Stmt. ("Add'l 56.1 Stmt."), ¶¶ 4-9, ECF No. 76-9. Three months later, in April 2016, CIT Bank commenced this action. 56.1 Stmt. ¶ 18. RPAPL § 1303 requires that a specific notice be given to property owners upon commencement of a foreclosure action. Anderson claims that the Section 1303 notice she received was also defective, in that it included a different agency and phone number than the one required by statute. Add'l 56.1 Stmt. ¶¶ 10-13.

Anderson asserts that CIT Bank's failure to comply with RPAPL §§ 1303 and 1304 merits denial of its motion for summary judgment. *See* Opp. Br. 1. This is her sole defense. CIT Bank contends Anderson was properly served with effective notices, and, in any event, that Anderson did not rely on the notices, rendering any compliance failures irrelevant. *See* Reply Br. 2-13, ECF No. 79.

**DISCUSSION**

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, I am "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). To succeed on summary judgment in a New York residential foreclosure action, a plaintiff must establish not only a mortgage, a note, and proof of default, but also compliance with RPAPL's notice requirements. *United States v. Starr*, 2017 WL 4402573, at *2-3 (S.D.N.Y. Sept. 29, 2017).

**I.      RPAPL § 1303 Notice**

The version of RPAPL § 1303 in effect in April 2016 requires notice to the mortgagee containing the following language: "To locate an entity near you, you may call the toll-free helpline maintained by the New York State Department of Financial Services at (enter number) or visit the Department's website at (enter web address)." N.Y. RPAPL § 1303(3) (2015); *see also id.* § 1303(6) ("The department of financial services shall prescribe the telephone number and web address to be included in either notice."). As of October 24, 2012, the correct phone number for the Department of Financial Services ("DFS") for purposes of Section 1303 was 1-800-269-0990. Isobe Decl., Ex. C, ECF No. 76-4. The correct website was www.dfs.ny.gov. *Id.* As of March 19,

2018, the correct number is (800) 342-3736. *See* Gross Aff., Ex. G, ECF No. 75-8. Neither party states when the number changed.

Along with its complaint, CIT Bank filed what it then claimed was a copy of the Section 1303 notice served on Anderson. *See* ECF No. 1, at 14. Now, CIT Bank admits that the notice attached to its complaint was never served. *See* Reply Br. 2-6. Rather, CIT Bank claims that the actual notice served on Anderson was provided by Anderson to CIT Bank during discovery. *See id.* at 3-4; Ex. B, ECF No. 79-2, at 7-9. Conversely, Anderson claims that she only received one notice: the one CIT Bank attached to its initial complaint. *See* Anderson Aff. ¶¶ 2-3, ECF No. 76-5; Ex. 2, ECF No. 76-7.

CIT Bank protests that its failure to file the correct Section 1303 notice with its complaint has no impact on this case because the affidavit and deposition testimony of the process server establish that Anderson was served with a proper Section 1303 notice. *See* Reply Br. 4-6. But the mere fact that the process server effected proper service does not resolve the underlying issue of which Section 1303 notice Anderson received. Both have provided sworn statements that contradict each other. Usually, summary judgment in such a situation is inappropriate. *Abdelmesih v. Waldorf-Astoria*, 1995 WL 293634, at *9 (S.D.N.Y. May 11, 1995) ("The battle of the affidavits presents a classic factual dispute that cannot be resolved on a motion for summary judgment.") (collecting cases). Nevertheless, Anderson offers no explanation for how she produced in discovery the very same notice that she now claims she never received. Thus, it appears that the Section 1303 notice offered by CIT Bank is the one served on Anderson.

The question remains whether that notice comports with Section 1303. The notice Anderson received either has one flaw—an incorrect phone number—or none, depending on when DFS changed the contact information to be listed on consumer notices. *See* Ex B, ECF No. 79-2, at 7. Regrettably, neither party identifies when DFS adopted the "3736" number. On summary

3

judgment, all reasonable inferences must be made in favor of Anderson, *see Terry*, 336 F.3d at 137, so I assume that DFS changed its number after April 2016, rendering the notice inaccurate.

In general, "[p]roper service of an RPAPL 1303 notice is a condition precedent to the commencement of a foreclosure action, and noncompliance mandates dismissal of the complaint." *E. Sav. Bank, FSB v. Tromba*, 48 N.Y.S.3d 499, 500 (App. Div. 2017); *Onewest Bank, N.A. v. Mahoney*, 62 N.Y.S.3d 144, 146 (App. Div. 2017). "The statute lays out strict guidelines for the required content and form of the notice." *Starr*, 2017 WL 4402573, at *3. Yet multiple New York courts have held that minor defects in a Section 1303 notice do not void it. For instance, *JPMorgan Chase Bank, N.A. v. Lebovic*, 61 Misc. 3d 1215(A), at *5 (Sup. Ct., Suffolk Cty. Oct. 31, 2018), held that where, on a Section 1303 notice, "the name of the Banking Dept. incorrectly appeared rather than DFS and that the web address was for the Banking Dept., not DFS" the court could disregard the error because the defendants did not "state that they were confused by this defect/error or that they relied upon the web address to their detriment." *See also HSBC Bank USA, N.A. v. Ahmad*, 62 Misc. 3d 1225(A), at *7 (Sup. Ct., Suffolk Cty. Mar. 7, 2019); *HSBC Bank USA, N.A. v. Zacpal*, 28 N.Y. Slip. Op. 30707(U), at *19 (Sup. Ct., Suffolk Cty. Apr. 17, 2018) ("[S]uch a defect or irregularity is so minimal as to not provide independent grounds to warrant denial of plaintiff's motion.").

Each of these cases relied upon CPLR 2001, which allows courts to "permit a mistake, omission, defect or irregularity . . . to be corrected . . . or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded." N.Y. C.P.L.R. 2001. Neither the Appellate Division nor the Court of Appeals have conclusively addressed whether CPLR 2001 applies to notices under the RPAPL. *See Aurora Loan Servs., LLC v. Weisblum*, 923 N.Y.S.2d 609, 617 (App. Div. 2017) ("[W]e decline to express an opinion when, *if ever*, a defect or irregularity in the content of an RPAPL 1304 notice might be so minimal as to warrant the

exercise of the court's discretion under CPLR 2001 to avoid dismissal of the action.") (emphasis added). Indeed, the language of CPLR 2001 refers to "filings" and the "filing process," not pre-foreclosure notices. *See* N.Y. C.P.L.R. 2001; *see also Ahmad*, 62 Misc. 3d 1225(A), at *7 (suggesting that CPLR 2001 does not apply to RPAPL §§ 1303 or 1304 because those sections were specifically designed to ensure that borrowers received "substantive notice of their rights," not merely as a procedural or administrative tool).

The general rule is that notice serves to eliminate prejudice. *See, e.g.*, *Smith v. Smith*, 2 N.Y.2d 120, 124 (1956) ("Prior and timely notice is ordinarily an elemental incident of due process, . . . the purpose being to prevent prejudice to the party to be charged."). The Second Department appears to have departed from that rule in the narrow context of residential mortgage foreclosures, requiring strict compliance with the RPAPL's notice provisions even where no reliance on the defective notice is alleged. In *Hudson City Savings Bank v. DePasquale*, 977 N.Y.S.2d 895 (App. Div. 2014), the Second Department upheld the dismissal of a complaint in a foreclosure action when the bank's calculation as to the number of days the debtor was in default was off by nine days, and the bank did not commence the foreclosure action until nine months after service of the notice. *See Hudson City Sav. Bank*, Appellant's Br., 2013 WL 12219742, at *13. Despite the apparent absence of prejudice stemming from the notice, the Second Department concluded that the "factual inaccuracy" in the notice warranted dismissal. *Hudson City Sav. Bank*, 977 N.Y.S.2d at 895; *see also Tromba*, 48 N.Y.S.3d at 500 (suggesting that failure to comply with color and font type/size requirements of Section 1303 would warrant dismissal). This approach could be said to accord with the general purpose of Sections 1303 and 1304: ensuring that borrowers receive "substantive notice of their rights." *See Ahmad*, 62 Misc. 3d 1225(A), at *7. It may also have the salutary effect of encouraging lending institutions to comply with the statutory notice requirements, instead of using the courts as a backstop in the event of minor errors.

5

Here, although there is no allegation that Anderson attempted to obtain assistance and was stymied by the incorrect phone number, the notice contained a factual inaccuracy. Accordingly, CIT Bank has not established its prima facie compliance with the statute, so summary judgment is inappropriate.

## II. RPAPL § 1304 Notice

Anderson contends that CIT Bank failed to comply with Section 1304 in two ways: (1) CIT Bank sent only one notice, not two; and (2) the notice did not contain five housing counseling agencies "designated by the division of housing and community renewal." *See* N.Y. RPAPL § 1304(2) (2015); *see also* ECF No. 79-5 (version of Section 1304 in effect during relevant time).

The first of these objections may be dismissed easily. "[A] mere denial of receipt is insufficient to rebut a presumption of mailing where there is documentary proof of mailing." *Citibank, N.A. v. Conti-Scheurer*, 98 N.Y.S.3d 273, 278-79 (App. Div. 2019). CIT Bank has provided such proof, Caldwell Aff. ¶¶ 17-19 & Exs. I, J, ECF No. 75-13, and Anderson does not meaningfully dispute it or offer any evidence to support her claim that she only received one notice.

Turning to whether the Section 1304 notice complied with the statute, the notice Anderson received contained five housing agencies, but she claims that some were not "designated by the department of housing and community renewal" and others lacked accurate "last known addresses." RPAPL § 1304(2). Of the five agencies on the notice, two do not appear on DFS's list of approved housing agencies; two more have incorrect addresses. *See* Isobe Decl. ¶¶ 14-17. The same rationale discussed above applies here: the notice contained a factual inaccuracy rendering it noncompliant with Section 1304. CIT Bank argues that Anderson "has submitted no affidavit relating that [she] ever attempted to contact any of the five housing agencies listed in the notice." *Wells Fargo Bank, N.A. v. Kalina*, Index No. 28849/2012 (Sup. Ct., Suffolk Cty. Feb. 27, 2019), ECF No. 79-4, at 3. But such an affidavit is not required.

As to CIT Bank's other criticisms, they do not justify summary judgment. Anderson's reliance on information from Homes and Community Renewal ("HCR") is proper, as the Division of Housing and Community Renewal ("DHCR") is merely a part of HCR. *See Division of Housing and Community Renewal Overview*, Homes and Community Renewal, https://hcr.ny.gov/division-housing-and-community-renewal (last accessed Aug. 13, 2019) (referring to DHCR as part of HCR); *see also* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute . . . ."). The list DFS provided in response to Anderson's subpoena is sufficient to create a material dispute of fact as to whether the agencies listed on CIT Bank's Section 1304 notice were "designated" by DHCR. The law requires DFS to maintain a list of approved agencies. *See* RPAPL § 1304(2). It does not preclude DFS from using another entity—here, the Empire Justice Center—from compiling that list, and the list is plainly for "[h]omeowners in [d]efault and [f]oreclosure." *See* Isobe Decl., Ex. B.

Most significantly, even if DFS failed to comply with the statutory language by maintaining a list by county, instead of by region, CIT Bank offers no explanation for its own failure to comport with the statute. Nor does CIT Bank offer any evidence to contradict Anderson's claim that two of the five agencies included in its notice were not designated by DHCR. In the face of Anderson's submission of a list of housing agencies from which two of the agencies identified by CIT Bank in its Section 1304 notice are absent, CIT Bank cannot prevail on summary judgment.

## CONCLUSION

CIT Bank's motion for summary judgment is denied.

**SO ORDERED.**

*Edward R. Korman*

Brooklyn, New York
August 14, 2019

Edward R. Korman
United States District Judge

7